UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Mike Santos, | : Case No. 1:15-cv-442 |
| Plaintiff, | : |
| vs. | : |
| Gary Mohr, et al, | : |
| Defendants. | : |

**ORDER**

Plaintiff, Mike Santos, is an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio. He filed a pro se complaint against a number of state correctional officials and employees. (Doc. 1) Plaintiff was granted leave to proceed in forma pauperis under 28 U.S.C. §1915. Santos generally alleges that the Defendants have violated his constitutional rights by exhibiting deliberate indifference to his medical needs and conditions. He asserts claims under 42 U.S.C. §1983, and seeks recovery of compensatory and punitive damages from each of the fifteen named Defendants.

The Magistrate Judge conducted a sua sponte review of Santos' complaint, as required by the Prison Litigation Reform Act, 28 U.S.C. §1915, to determine if his claims should be dismissed at the screening stage. In her July 30, 2015 Report and Recommendation (Doc. 4), the Magistrate Judge thoroughly reviewed Santos' lengthy complaint and its attachments, and recommended that the Court dismiss his complaint. She concluded that any claims based on conduct or incidents that occurred more than two years prior to June 23, 2015 (the filing date of the complaint) were time-barred by the applicable two-year Ohio statute of limitations, Ohio Rev. Code 2305.10. Because

-1-

all of Santos' allegations against defendant Geisler are based upon a letter dated December 12, 2012, Geisler should also be dismissed on that basis.

The Magistrate Judge further recommended that the claims against Linnea Mahlman, the SOCF institutional inspector, and against Dr. Eddy and Ms. Parks (respectively, the ODRC chief medical officer and assistant chief medical inspector), be dismissed because Santos' allegations about their improper handling of and responses to his prison grievances fail to implicate any federal constitutional concerns. In addition, Santos has sued a number of Defendants for conduct that occurred in their supervisory capacities: Donald Morgan, warden; Gary Mohr, Director of ODRC; Dr. Desmarais, ODRC's medical director; Dr. Eddy and Ms. Parks; Stuart Hudson, ODRC administrator; Anthony Cadogan, Deputy Warden; Roseanna Clagg, SOCF health care administrator; Joanna Saul, director of the Ohio General Assembly's Correctional Inspection Committee, and two of the Committee's staff members; Richard Whitehouse, Ohio State Medical Board Executive Director; and Betsy Houchen, Ohio Board of Nursing Executive Director. With regard to these individuals, Santos alleges that he or members of his family complained about the medical care provided to Santos by Dr. Ahmed. The Magistrate Judge concluded that Santos failed to state an actionable claim for relief against any of these individuals.

Finally, the Magistrate Judge concluded that Santos' allegations against Dr. Ahmed, a physician at SOCF, fail to state a claim for deliberate indifference to his medical needs. The complaint and its attachments establish that Santos has received treatment, has been given various medications, and has been monitored for his chronic conditions (including monitoring of his weight, blood tests, physical examinations, and a

colonoscopy). Santos does not dispute this record of treatment, but is apparently not satisfied with Dr. Ahmed's quality of care and his failure to send Santos to a "specialist" for further treatment. These allegations do not support an Eighth Amendment claim of deliberate indifference. At best, as the Magistrate Judge noted, they might support a negligence claim. The Magistrate Judge therefore recommended that Santos' complaint be dismissed.

Santos timely filed objections to the Report. (Doc. 6) He argues that his allegations are more than sufficient to support a claim that all of the Defendants knew of a substantial risk of serious harm to his health, and disregarded that risk by failing to act. He asserts that he suffered serious injuries: a seizure, bleeding fissures, and continuing problems with his rectum. He cites Prude v. Clark, 675 F.3d 732 (7th Cir. 2012), where the court of appeals reversed a district court's order granting summary judgment to a county sheriff and several county jail employees. The facts recited in the opinion clearly distinguish it from Santos' case. In that case, the plaintiff alleged that while housed in a local jail during court appearances on his post-conviction proceedings, he was fed only "nutriloaf," which the Seventh Circuit described as "a bad-tasting food given to prisoners as a form of punishment." Id. at 733. The imposed "nutriloaf" diet caused plaintiff to experience serious reactions (vomiting, stomach pains and constipation), so he stopped eating it and survived on bread and water, resulting in a significant weight loss. A jail nurse gave him antacids and told him his weight loss was "alarming," but jail officials did nothing else to relieve the situation. When he returned to state prison he was diagnosed with an anal fissure caused by his stays at the local jail. Moreover, the defendants essentially ignored plaintiff's lawsuit, refused to

cooperate in discovery, ignored the trial court's order to respond to that discovery, and at summary judgment filed a clearly inadequate affidavit from an assistant fire chief, who asserted that "nutriloaf" is "nutritious." The Seventh Circuit expressed surprise that the district court did not impose sanctions on defendants, and held that dismissal of his lawsuit was premature. The court noted that there were indications in the record that the local jail officials were well aware of plaintiff's situation and its cause, yet deliberately refused to help him, allegations which could support an Eighth Amendment claim.

Santos' complaint is based on what he alleges is the Defendants' inadequate response to his ongoing medical problems. The records he filed with his complaint reflect that he experienced back pain while incarcerated at Trumbull correctional facility in 2010, and received medications that relieved his pain. Those medications were discontinued at some point, and he was subsequently transferred to SOCF, where he saw Dr. Ahmed. He alleges that Dr. Ahmed refused to give him medications or send him to a specialist, which he claims caused a lengthy number of various symptoms (see Doc. 1 at 2-3, PAGEID 55-56). Ms. Mahlman responded to his March 2012 grievance about Dr. Ahmed, and noted that Santos was seen on February 8, 2012 complaining of hemorrhoids, and was in no acute distress. He was seen at sick call on March 2, given ibuprofen, and was scheduled for follow up with Dr. Ahmed in four weeks. Mahlman denied his grievance, informing Santos that the institutional physician makes decisions regarding necessary medication or treatment. The Chief Inspector affirmed the denial, noting that Santos saw Dr. Ahmed again on April 3, when Santos reported he had hemorrhoids since the age of 13, and when Santos complained that Dr. Ahmed refused to "guarantee" that he would get a colonoscopy. However, Dr. Ahmed did refer Santos

for specialist appointments for EGD and for a colonoscopy. (See Doc. 1-6 at PAGEID 94) The inspector also noted a pattern of commissary purchases by Santos for food items which are contraindicated for someone complaining of gastric symptoms and taking Prilosec. (Id. at PAGEID 96) Santos was placed in the infirmary on April 30, 2012 due to hemorrhoids, and was subsequently treated for rectal bleeding; he was also prescribed a number of medications for his rectal problems and provided education about using them. Blood work on May 4, 2012 was within normal limits, and a few days later he complained to Dr. Ahmed that he was "not happy about being treated onsite." (Id. at PAGEID 109) After noting additional visits and follow-up care from Dr. Ahmed, the inspector concluded that it was apparent that Santos was being monitored for his conditions and given treatment. His grievance was denied. (Id. at PAGEID 110)

Santos filed another grievance in June 2013, which was also denied based on the Chief Inspector's findings that he was being provided medical treatment and that his test results (including a barium enema) were within normal limits. (Id. at PAGEID 118) The inspector noted that consultants had recommended conservative treatment for Santos, a decision with which he plainly disagreed. The records established that his weight was being monitored, and that by August 2013 it was stable. His blood work was normal, except for iron (for which he had been prescribed iron pills), and the inspector ordered a cell search to find out if Santos was taking his medications as prescribed. (Id. at PAGEID 121) Santos filed additional grievances in 2013 and 2014, all generally complaining of the same lack of medical care, and seeking additional specialist evaluations and/or second opinions by non-ODRC physicians. Santos' grievances were all denied, after the inspector reviewed his medical records which

continued to document that he was receiving care and regular testing. (See Id. at PAGEID 129, 138, 144, 150-151, 161-162, and 163-164.) Santos does not deny that he has received the care, medications, and tests that are reflected in the records he attached to his complaint. Santos is obviously dissatisfied with his care; but his allegations simply do not support a plausible claim that Defendants are deliberately indifferent to his medical conditions.

Santos also objects to the Magistrate Judge's conclusion that his claims against the supervisory Defendants fail. He argues that each of them had "direct involvement" in Dr. Ahmed's lack of treatment, because they ignored his complaints of mistreatment and denied his grievances (or, with respect to his complaints to the Medical and Nursing Boards, referred them to ODRC). The cases cited by the Magistrate Judge make clear that allegations of failure to investigate, failure to supervise, or failure to enforce policies, are not enough to state a valid Section 1983 claim against the supervisors, who were not directly involved in Dr. Ahmed's decisions with respect to Santos. Nothing in Santos' objections establishes that the Magistrate Judge's conclusion on this issue is incorrect.

This Court has reviewed the record in this matter de novo, pursuant to 28 U.S.C. §636(b), and concludes that Santos has not shown that the Magistrate Judge's recommendations are clearly erroneous or contrary to law. His objections are therefore overruled. The Court adopts in full the Report and Recommendation of the Magistrate Judge. Santos' complaint is dismissed with prejudice, pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this

Order adopting the Report and Recommendation would not be taken in good faith, and Santos is therefore denied leave to appeal in forma pauperis. See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

Santos' motion for appointment of counsel (Doc. 5) is denied as moot.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: August 31, 2015        s/Sandra S. Beckwith
                              Sandra S. Beckwith
                              Senior United States District Judge